UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kevin Sexton and
Marcella Darling,
     Plaintiffs

     v.                             Civil No. 07-cv-13-SM
                                        Opinion No. 2007 DNH 116
Executive Risk Indemnity, Inc. and
Landmark American Insurance Company,
     Defendants

**O R D E R**

This declaratory judgment action, brought under state law
and originally filed in the New Hampshire Superior Court, was
removed to this court based on diversity jurisdiction.  Among
other things, plaintiffs seek a declaration of coverage under
directors' and officers' liability policies issued by the
defendant insurers to Felt Manufacturing Company, Inc. ("FMC"),
formerly known as Foss Manufacturing Company, Inc.  The
plaintiffs now move this court to refer the matter to the United
States Bankruptcy Court for the District of New Hampshire.

FMC is involved in a Chapter 11 proceeding in the bankruptcy
court.  In re Felt Manufacturing Company, Inc., No. 05-13724-JMD
(Bankr. D.N.H.).  In connection with that proceeding, FMC's
unsecured creditors brought an adversary proceeding against these
plaintiffs (as officers and directors of FMC), seeking to recover

money damages for various alleged torts.  See <u>Official Committee</u>
<u>of Unsecured Creditors v. Stephen Foss, et al.</u>, No. 06-11711-JMD
(Bankr. D.N.H.).  Those claims implicate insurance coverage under
defendants' policies, which apparently provide coverage for any
assessed liability, up to policy limits, but less costs of
providing a defense to the insureds.

     The defendant insurers have provided representation for the
plaintiffs in the adversary proceeding, but subject to a
reservation of rights.  The insurers acknowledge that their
ability to fund the costs of that defense is restricted by an
order of the bankruptcy court lifting the automatic stay
provisions of the Bankruptcy Code to the extent of permitting
aggregate disbursements of up to $300,000 for defense costs – a
limit that has already been reached.  In granting only limited
relief from the automatic stay, the bankruptcy court was, no
doubt, concerned that unreasonable or unnecessary defense
expenditures would deplete insurance proceeds that otherwise
would be available for distribution to the estate for the benefit
of creditors, should the named insureds be found liable in the
adversary proceeding.  But, when he partially lifted the stay,
the bankruptcy judge expressly authorized the insureds to file a
subsequent motion seeking additional relief from the stay, as
necessary to adequately fund their defense.  See Order dated

October 19, 2006, Case No. 05-13724-JMD.  Importantly, however, nothing in the declaratory judgment suit record suggests that, prior to filing this declaratory judgment action, plaintiffs sought relief from the automatic stay provisions.

### Discussion

Essentially, the plaintiffs base their motion for referral to the bankruptcy court on a claim that their suit for declaratory judgment falls comfortably within that court's "relatedness" jurisdiction.  See 28 U.S.C. § 1334(b).  See also Local Rule 77.4 (referring all cases and proceedings in bankruptcy to the bankruptcy court).  Generally speaking, a matter is "related" to a bankruptcy case if the outcome of the proceeding could alter the debtor's rights, liabilities, options, or freedom of action, or if it might have an impact upon the handling and administration of the estate.  See In re Boston Regional Med. Ctr., 410 F.3d 100, 105 (1st Cir. 2005).

Defendant insurers contest "relatedness" here, arguing that this insurance coverage action does not implicate any rights held by the FMC estate, and will not have any direct effect upon the bankruptcy estate.  Of course, to the extent available policy proceeds are diminished due to unnecessary defense expenditures,

3

the estate will likely be affected (assuming officer or director liability and the absence of other sources of payment).

The parties raise and debate interesting issues in their memoranda regarding the character of directors' and officers' liability policy proceeds as assets of a bankruptcy estate, and the subtleties of "relatedness" bankruptcy jurisdiction over coverage disputes under such policies.  In this particular case, however, the motion to refer can, and should, be resolved on more straightforward grounds.

The first question that ought to be addressed is whether parties wishing to access proceeds of the D&O policies for defense costs must first seek relief from the automatic stay provisions of the Bankruptcy Code.  I believe that they must.  See, e.g., In re Cybermedica, Inc., 280 B.R. 12, 17–18 (Bankr. D. Mass. 2002).  See generally 11 U.S.C. § 362(a)(3).  More to the point, Judge Deasy, in FMC's Chapter 11 proceeding, thought so as well, as illustrated by his order granting limited relief from the automatic stay to permit the insureds to obtain proceeds necessary to pursue a defense, but only up to the $300,000 fixed limit.[1]

---

[1]     Interestingly, plaintiffs seek a number of forms of relief in their declaratory judgment suit, including a

4

And, perhaps of even more significance, in his order authorizing a modification to the Second Amended Plan in FMC's Chapter 11 proceeding, Judge Deasy expressly provided that:

> Notwithstanding anything to the contrary in the Plan or the Confirmation Order shall (1) affect or impair in any way the rights of the defendants named in the Committee Adversary Proceeding as parties to the Committee Adversary Proceeding or (2) affect or impair in any way the rights and remedies of the parties to the Committee Adversary Proceedings with respect to the Insurance policies and their proceeds.[1]   The Bankruptcy Court shall retain jurisdiction to determine the interests of the Liquidating Debtor and the Insureds (as defined in the Insurance Policies) under the Insurance Policies.

> [1]  Insurance Policies are defined in the Plan as "the directors and officers liability policy issued by Executive Risk Indemnity, Inc. ("ERII") in the amount of $5,000,000, and (ii) an "Excess Directors and Officers Liability Policy" issued by Resurgens Specialty Underwriting, Inc. ("Resurgens") in the amount of $5,000,000."

Order dated May 16, 2007, Case No. 05-13724-JMD (Deasy, B.J.) (emphasis supplied).

On its face, the plaintiffs' declaratory judgment action was probably filed in derogation of the limited relief from the automatic stay provisions previously granted by Judge Deasy, and

---

declaration that the insurers' duties under the policies include a duty to "seek relief from the automatic stay" to free up money necessary to support the insureds' defense in the adversary proceeding.

in any event, in contravention of the bankruptcy court's express retention of jurisdiction to determine the interests of the insureds under the very policies at issue in this declaratory judgment suit.  At least in the first instance, then, the bankruptcy court is entitled to determine its own jurisdiction over this matter and, if appropriate, determine the interests of the insureds in the directors and officers liability policies.

### Conclusion

Plaintiffs' motion to refer this matter to the United States Bankruptcy Court (document no. 12) is granted.  This matter is referred to the bankruptcy court for appropriate action as it plainly comes within the express retention of jurisdiction provisions of the Third Amended Plan.

Defendant Landmark American Insurance Company's motion to dismiss (document no. 26) and defendant Executive Risk Indemnity, Inc.'s motion for joinder of necessary parties (document no. 45) are denied, without prejudice to refiling, if appropriate, after the bankruptcy court has determined its own jurisdiction over this matter.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

September 24, 2007

cc:  Edmond J. Ford, Esq.
     Karyn P. Forbes, Esq.
     Doreen F. Connor, Esq.
     Janet R. McFadden, Esq.
     John Chesney, Esq.
     James C. Wheat, Esq.
     Wayne E. Borgeest, Esq.
     Robert A. Benjamin, Esq.